**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
*EASTERN DIVISION*

| | | |
|---|---|---|
| IN RE | ) | |
| **CONVERGENT OUTSOURCING, INC.** | ) | Master Docket No. 3:13-cv-2478-AWT |
| **TELEPHONE CONSUMER** | ) | MDL No. 2478 |
| **PROTECTION ACT LITIGATION** | ) | |
| | ) | |
| _____ | ) | |

**MOTION TO QUASH**

Class Plaintiffs, through undersigned Interim Co-Lead Class Counsel, respectfully

requests this Court enter an order to quash Convergent Outsourcing Inc's ("Convergent")

subpoena in order to serve an amended subpoena that is limited to documents that are relevant or

will lead to relevant information. The subpoena is attached hereto as *Exhibit 1*. The requested

documents are overbroad and seeks irrelevant information that would invade Plaintiff's right to

privacy. In support thereof, Plaintiff states:

**I.      BACKGROUND**

1.      Class Plaintiffs brought this action after Convergent called her cellular telephone

in violation of the Telephone Consumer Protection Act ("TCPA").

2.      Convergent has served the attached subpoena that seeks all of Ms. Vasquez's, one

of the Class Plaintiffs, telephone call records, including call details for calls that have nothing to

do with defendant.  While plaintiff contends that whose name the account is listed, what her

minute plan is or how many minutes she used for the time period defendant called are all

irrelevant, plaintiff has agreed to allow Convergent to obtain that information. However, the

identity of the persons she called or who called her, other than the calls relating to Convergent

have no bearing on any claim or defense in this case1.

3.      In addition to being irrelevant, the requested documents are private telephone records, the production of which would violate plaintiff's privacy interest in those records. Plaintiff has requested that Convergent modify its request to only the account information and the calls relating to Convergent, but Convergent had refused to even respond to plaintiff2.  *See Emails* attached as *Exhibit 2*.

## II.      ARGUMENT

**This Court Should Quash Defendant's Subpoena Because the Requested Documents are Irrelevant and Production of Them Would Violate Plaintiff's Right to Privacy**

4.      "The burden is on the party seeking the discovery to demonstrate its propriety and need." *American Casualty Co. of Reading, Penn. v. Krieger*, 160 F.R.D. 582, 585 (S.D. Cal. 1995) *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *Doubleday v. Ruh*,149 F.R.D. 601, 613 (E.D. Cal. 1993).

5.      The Court has broad discretion when reviewing a discovery dispute and should independently determine the proper course of discovery based upon the arguments of the parties. *Gile v. United Airlines Inc.*, 95 F. 3d 492, 496 (7th Cir. 1996).

6.      This Court can limit the scope of a subpoenas "so as to restrict their scope to material that pertains to the acts specified in the complaint." *Chazin v. Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992) ("[t]he grant and nature of protection is singularly within the discretion of the district court . . ."). In *Chazin* the Court observed, "The 12 subpoenas seek documents from 1980 to date. However, the

---

1 Convergent's call logs already show the calls between Ms. Vasquez and Convergent s the need for any subpoena is doubtful.

entire 55 page complaint fails to reflect any claims for relief by plaintiff due to the acts of the defendants prior to August 1987." *Id.* The Court concluded that the subpoenaing party did not advance any reason to believe that the dated records were relevant to any claims. *Id.*

7.      The touchstone of all discovery is relevance. *See A & R Body Specialty and Collision Works, Inc. v. Progressive Casualty Ins. Co.*, 2013 WL 6511934, at *1 (D. Conn., Dec. 12, 2013); *Tucker v. Am. Int'l Gr., Inc.*, 281 F.R.D. 85, 89-90 (D. Conn. 2012); *Wells Fargo Bank, N.A. v. Konover*, 2009 WL 585434, at *4 (D. Conn., Mar. 4, 2009).   Fed. R. Civ. P. 26(b)(1) sets forth the scope and limitations of permissible discovery.   Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. *See Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1367 (2d Cir. 1991); *Tucker,* 281 F.R.D. at 89-90.

8.   "Pursuant to Rule 45, any party may serve a subpoena commanding a nonparty 'to attend and testify' or to 'produce designated documents.'" *Weinstein v. Univ. of Conn.*, 2012 WL 3443340, at *2 (D. Conn., Aug.15, 2012) (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)).   However, "[a]ny subpoena that is issued to non-parties pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Adonna v. Parker Hannifin Corp.*, 2014 WL 788946, at *1 (D.Conn., Feb. 25, 2014) (internal citation and quotation omitted).

9.   Defendant's subpoena is not reasonably calculated to lead to the discovery of admissible evidence as required by Fed.R.Civ.P. 26(b)(1) and should be quashed.

## III.    RULE 37 DISCUSSIONS

10.      The parties have exchanged emails regarding this matter, but have been unable to

---

2 Interim Co-Lead Class Counsel also telephoned lead counsel for Convergent, but has yet to hear back.

come to a resolution. *See Exhibits 2*. Mr. Keogh would have preferred to have a more fruitful exchange with Defendant's counsel regarding this matter, but due to Convergent' s refusal to respond to counsels' communications and the impending deadline for the response to the subpoena, the motion was filed without having heard back from Defendant's counsel.

Despite reasonable attempts by plaintiff in good faith pursuant to FRCP 37 to work out an agreement concerning the discovery disputes, the parties have been unable to resolve their differences.

WHEREFORE, Class Plaintiffs, through undersigned Interim Co-Lead Class Counsel, respectfully requests this Court enter an order to quash Convergent Outsourcing Inc's subpoena in order to serve an amended subpoena that is limited to documents that are relevant or will lead to relevant information.

Respectfully Submitted,

Dated: August 14, 2014

 s/ Keith J. Keogh
Keith J. Keogh
Timothy Sostrin
Michael S. Hilicki
Katherine Bowen
KEOGH LAW, LTD.
55 W. Monroe St., Suite 3390
Chicago, Illinois     60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on August 14, 2014, the foregoing was filed via the CM/ECF system for the Northern District of Illinois. A copy of this filing will be served through US Mail to the following:

Barbara Fernandez, Esq.
Hinshaw & Culbertson, LLP
2525 Ponce de Leon Blvd., Suite 400
Miami, FL 33156

Benjamin J Stone, Esq.
Veris Law Group PLLC
1809 Seventh Ave., Suite 1400
Seattle, WA 98101

Birgit Stuart, Esq.
Ronald S. Canter, Esq.
Law Offices of Ronald S. Canter LLC
200A Monroe St., Suite 104
Rockville, MD 20850

Craig J. Mariam, Esq.
Gordon & Rees LLP-CA
633 West Fifth St., 52nd Floor
Los Angeles, CA 90071

David M Schultz, Esq.
Nabil G Foster, Esq. Hinshaw & Culbertson
222 N. LaSalle St., Suite 300
Chicago, IL 50501

James H. Ryan, Esq.
Paul Gamboa, Esq.
Gordon & Rees, LLP
One North Franklin, Suite 800
Chicago, IL 60606

Kirstie M. Simmerman, Esq.
Gordon & Rees LLP - Dallas, TX
2100 Ross Ave., Ste. 2800
Dallas, TX 75201

Matthew Gregory Kleiner, Esq.
Gordon & Rees, LLP - AZ
111 West Monroe St.
Phoenix, AZ 85003
Steven A Siman, Esq.
Attorney at Law
3250 West Big Beaver Rd., Suite 344
Troy, MI 48084

Thomas C. Blatchley, Esq.
Gordon & Rees LLP-CT
95 Glastonbury Blvd., Suite 206
Glastonbury, CT 06033

Kenneth E Payson, Esq.
Davis Wright Tremaine LLP - WA
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045

David C Lundsgaard, Esq.
Graham & Dunn, PC-WA
Pier 70
2081 Alaskan Way, Suite 300
Seattle, WA 98121

Donald A. Yarbrough, Esq.
2000 E Oakland Park Boulevard, Suite 105
P.O. Box 11842
Fort Lauderdale, FL 33339

Maxie Broome , Jr., Esq.
Maxie Broome, Jr., P.A.
1495 Magnolia Street
Bartow, FL 33830

Matthew Jon Militzok, Esq.
3230 Stirling Road, Suite 1
Hollywood, FL 33021

L. Jeanette Rice, Esq.
Walsh Becker Spears & Sanders
14300 Gallant Fox Lane
Suite 218

Bowie, MD 20715

Carlo Sabatini, Esq.
Sabatini Law Firm, LLC
216 N. Blakely Street
Dunmore, PA 18512

Russell S. Thompson, IV
Aaron D. Radbil
Dennis R. Kurz
Weisberg & Meyers, LLC
5025 N. Central Avenue
Suite 602
Phoenix, AZ 85012

Brian L. Shrader
Centrone & Shrader, LLC
1710 N. 19th Street, Suite 205
Tampa, FL 33605

Thomas A. Lash
Lash & Wilcox, PL
4401 W. Kennedy Boulevard, Suite 210
Tampa, FL 33609

Tammy L. Hussin, Esq.
6404 Merlin Drive
Suite 100
Carlsbad, CA 92011

s/ Keith J. Keogh
Keith J. Keogh
